J-S12042-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREGORY BURKE | : | |
| | : | |
| Appellant | : | No. 1806 EDA 2020 |

Appeal from the PCRA Order Entered August 31, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0325182-1986

BEFORE:  LAZARUS, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED:  MAY 7, 2021**

Gregory Burke ("Burke") appeals, *pro se*, from the Order dismissing his seventh Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On August 13, 1980, Burke and two accomplices shot and killed the owner of a grocery store located in Philadelphia, Pennsylvania.  The homicide remained unsolved until October 1985, when the police were informed that Burke and his accomplices were the perpetrators of the incident.  Burke subsequently entered into a negotiated guilty plea to second-degree murder, conspiracy, robbery, and possessing an instrument of crime.[1]  In 1987, the trial court sentenced him to life in prison.  Burke filed a *pro se* PCRA Petition,

---

[1] **See** 18 Pa.C.S.A. §§ 2502(b), 903, 3701, 907.

after which his direct appeal rights were reinstated *nunc pro tunc*. Burke subsequently appealed, *nunc pro tunc*, and on September 3, 1992, this Court affirmed Burke's judgment of sentence, but remanded to the trial court for resentencing. ***See Commonwealth v. Burke***, 619 A.2d 786 (Pa. Super. 1992) (unpublished memorandum). On August 3, 1993, the Pennsylvania Supreme Court denied Burke's Petition for allowance of appeal. ***See Commonwealth v. Burke***, 631 A.2d 1003 (Pa. 1993). Thereafter, the trial court re-sentenced Burke to life in prison, and a concurrent term of five to ten years in prison for his conviction of conspiracy.

Burke filed several unsuccessful PCRA Petitions over the next several decades. On May 1, 2019, Burke filed the instant, *pro se*, PCRA Petition, his seventh. Burke subsequently filed four Supplemental PCRA Petitions. On July 2, 2020, the PCRA court issued Notice of its intent to dismiss Burke's seventh Petition, pursuant to Pa.R.Crim.P. 907, as untimely filed. On July 14, 2020, Burke filed a Response, and on August 31, 2020, the PCRA court dismissed Burke's Petition. Burke filed a timely Notice of Appeal, and on the same day, the PCRA court issued its Opinion.[2]

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of the record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

---

[2] The PCRA court did not order a 1925(b) concise statement of errors complained of on appeal, and Burke did not file one.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Instantly, Burke's judgment of sentence became final on November 1, 1993, when the time to file a petition for writ of *certiorari* with the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); Sup. Ct. R. 13. Thus, Burke's Petition is facially untimely.

However, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." *Id.* § 9545(b)(2). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017).

At the beginning of his appellate brief, Burke raises several claims together, and purports to invoke the newly-discovered facts exception under 42 Pa.C.S.A. § 9545(b)(1)(ii).  Brief for Appellant at 2 (unnumbered).

However, despite invoking the newly-discovered fact exception, Burke provides no argument or analysis as to how that exception applies, or how he established that exception before the PCRA court.  *See Spotz*, *supra*. Because Burke failed to plead and prove any of the exceptions to the PCRA time bar, we lack jurisdiction to address the merits of these claims.  *See Albrecht*, *supra*.

Based upon the foregoing, the PCRA court did not err in dismissing Burke's serial Petition as untimely filed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/7/21